**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   **v.**                                **CASE NO. 1:22CR60**

**LUIS NUNEZ,**

      **Defendant.**

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

     Comes now, the Defendant, Luis Nunez, through his attorney, L. Richard Walker, Esq., and moves this Court, pursuant to Rule 30 of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution, to give the following jury instructions:

<u>Defendant's Instruction No. 1</u>:

**18 U.S.C. § 1791**

**Attempt to Obtain a Prohibited Object**

Count 1 of the Indictment charges that on or about April 12, 2022, within the Northern District of West Virginia, the Defendant, an inmate of the Federal Bureau of Prisons at the Federal Correctional Institution Gilmer, attempted to obtain a prohibited object, that is, suboxone, a schedule III narcotic controlled substance.

In order to sustain its burden of proof for the crime of attempting to obtain a prohibited object, the government must prove the following five essential elements beyond a reasonable doubt:

1.  Defendant was an inmate of a federal correctional, detention, or penal facility;

2.  That the defendant made, possessed, or obtained, or attempted to make or obtain, a prohibited object;

3.  That the object was not possessed or obtained without the knowledge and consent of the warden or superintendent of the facility; and

4.  That the defendant did so knowingly.

Source: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § 18 U.S.C. § 1791 (a)(2); 1791 (b)(1), at 331. (2020 Online Edition).

2

Defendant's Instruction No. 2:

**Attempt – Basic Elements**

Count I of the indictment accuses the Defendant of the crime of Attempt to Obtain a Prohibited Object in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First, that the Defendant intended to commit the crime of Attempt to Obtain a Prohibited Object.

Second, that the Defendant did some overt act that was a substantial step toward committing the crime of Attempt to Obtain a Prohibited Object.

Merely preparing to commit a crime is not a substantial step. The Defendant's conduct must go beyond mere preparation, and most strongly confirm that he intended to Obtain a Prohibited Object. But the government does not have to prove that the Defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

Source: Pattern Criminal Jury Instructions, 6th Circuit Pattern Criminal Jury Instructions Committee (2021), § 5.01.

3

Defendant's Instruction No. 3:

**Indictment Not Evidence;
Presumption of Innocence**

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

Source: Pattern Criminal Jury Instructions, 6th Circuit Pattern Criminal Jury Instructions Committee (2001); United States v. Hynes, 467 F.3d 951, 957 (6th Cir. 2006).

4

Defendant's Instruction No. 4:

**Burden of Proof**

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Source: Pattern Criminal Jury Instructions, 6th Circuit Pattern Criminal Jury Instructions Committee (2001); United States v. Hynes, 467 F.3d 951, 957 (6th Cir. 2006).

Defendant's Instruction No. 5:

**Testimony of Correctional Officers**

During this trial you have heard the testimony of several correctional officers. The testimony of a correctional officer should be considered in the same way as the testimony of any other witness.  It is not entitled to any special weight or credibility.

Defendant's Instruction No. 6:

**Credibility of Witnesses**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment about the credibility of a witness, you may decide to believe all of that witness's testimony, or only a portion of that witness's testimony, or none of the witness's testimony.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness (or between the testimony of different witnesses) may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from an innocent error or

7

intentional falsehood.

After making your own judgment or assessment concerning the believability, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, §15.01.

Defendant's Instruction No. 7:

**Credibility of Witnesses - Conviction of Felony**

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, §15.07.

9

Defendant's Instruction No. 8:

**Effect of the Defendant's Decision Not to Testify**

The defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that the Defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.  As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

Source:  United States v. Headspeth, 852 F.2d 753, 757 (4th Cir. 1988).

<u>Defendant's Instruction No. 9</u>:

**Defendant as Witness (Alternative to Instruction No. 8)**

You have heard the testimony of the Defendant.  You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.


Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, § 15.12.

<u>Defendant's Instruction No. 10</u>:

**Use of Interpreter**

You must not make any assumptions about a witness or party based solely upon the use of an interpreter to assist that witness or party.

Source: <u>Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit</u>, 2022 Edition, at 15.

Defendant's Instruction No. 11:

**Reasonable Doubt - Defined**

The Defendant may be convicted of the offense charged only if the jury is unanimously convinced beyond a reasonable doubt of his guilt after careful and impartial consideration of all of the evidence in this case as well as the rules of law I am about to give you.

A reasonable doubt is a doubt based on reason and common sense, the kind of doubt that would make a person hesitant to act.  Proof beyond a reasonable doubt, therefore, must be proof of such character that a reasonable person would not hesitate to act upon it in the most important of his or her own affairs.

You should remember that the Defendant is never to be convicted on mere suspicion or conjecture.  The burden is always upon the prosecution to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Therefore, if you, after careful, and impartial consideration of all the evidence in the case, have a reasonable doubt that the Defendant is guilty of the charge, then you must return a verdict of not guilty.  If you view the evidence as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- you must adopt the conclusion of innocence.


Source:  Johnson v. Louisiana, 406 U.S. 356 (1972).

<u>Defendant's Instruction No. 12:</u>

**Consider Only Offense Charged**

The Defendant is not on trial for any act or conduct not alleged in the Indictment.

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition,

§ 12.09.

<u>Defendant's Instruction No. 13:</u>

**Number of Witnesses Not Controlling**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.


Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> Sixth Edition, § 14.16.

<u>Defendant's Instruction No. 14:</u>

**Verdict - Unanimous - Duty to Deliberate**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, every juror must agree to it, be it guilty or not guilty. In other words, your verdict must be unanimous.

It is your sworn duty to consult with one another and to deliberate with a view toward reaching an agreement, provided you can do so without surrendering your individual judgment. Each of you must decide the case for yourself, but may do so only after impartially considering all the evidence in the case with your fellow jurors.  In the course of deliberations, do not hesitate to reexamine your own views and change your opinion if you become convinced that it is wrong. However, do not surrender your honest opinion as to the weight or effect of the evidence solely because the opinions of your fellow jurors may be different than yours or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans but judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Source: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Sixth Edition, § 20.01.

16

Respectfully,
**LUIS NUNEZ**
By counsel,

By:     <u>/s/ L. Richard Walker</u>
        L. Richard Walker
        WV State Bar No. 9580
        Federal Public Defender Office
        230 West Pike Street, Suite 360
        Clarksburg, West Virginia 26302
        Tel. (304) 622-3823
        Fax. (304) 622-4631
        E-Mail: Richard_Walker@fd.org

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk

of the Court for the United States District Court for the Northern District of West Virginia, which

will send notification of such filing to the following CM/ECF user:

**Christopher Bauer, AUSA**
**United States Attorney**
**320 W. Pike Street, Suite 26302**
**Clarksburg, WV 26302**
**304-623-7030**

By:     <u>s/ L. Richard Walker</u>
        L. Richard Walker
        WV State Bar No. 9580
        Federal Public Defender Office
        230 West Pike Street, Suite 360
        Clarksburg, West Virginia 26302
        Tel. (304) 622-3823
        Fax. (304) 622-4631
        E-Mail: Richard_Walker@fd.org