IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Action No. 1:22-CR-60
                                                      (JUDGE KLEEH)

LUIS RAUL NUNEZ,

    Defendant.

## MOTION TO EXCLUDE GOVERNMENT EXHIBITS

Defendant, Luis Raul Nunez, by counsel, L. Richard Walker, First Assistant Federal Public Defender, moves to exclude from trial twelve new exhibits, including a recorded call from June 28, 2022, disclosed by the Government in violation of the Court's Scheduling Order, Federal Rule of Criminal Procedure 16, and the Local Rules of Criminal Procedure.  In support of this motion, Mr. Nunez states:

On September 7, 2022, Mr. Nunez was charged in a one-count indictment charging that on or about April 12, 2022, within the Northern District of West Virginia, the Defendant, an inmate of the Federal Bureau of Prisons at the Federal Correctional Institution Gilmer, attempted to obtain a prohibited object, that is, suboxone, a schedule III narcotic controlled substance, in violation of Title 18, United States Code § 1791(a)(2) and § 1791(b)(1).

Discovery was due on September 29, 2022.  Document 13, at 2.  The Government timely provided discovery materials to defense counsel on September 13, 2022.  The date for disclosure of Jenks, *Giglio*, and 404(b) evidence was October 31, 2022.  The Government's witness list and exhibit list were due on October 31, 2022.  Trial is scheduled for November 14, 2022.  The pre-

1

trial conference was rescheduled to November 4, 2022.  The Government's exhibit list was due and timely filed on October 31, 2022.  A witness list was not filed until November 2, 2022.  We did not object to the witness list being filed late because there was no prejudice.

However, yesterday, November 2, 2022, at 1:19 pm, the Government disclosed as supplemental discovery thirteen recorded calls from FCI Gilmer.  It indicated an intention to introduce these calls during the Government's case-in-chief, including the call purportedly made by Mr. Nunez on June 28, 2022.  The Government contends the call on June 28, 2022, captures a conversation between Mr. Nunez and his brother wherein Mr. Nunez discusses and makes admissions about his alleged attempt to introduce contraband into FCI Gilmer on April 12, 2022.  This alleged conversation on June 28, 2022, was previously undisclosed and unknown to undersigned counsel.

On November 3, 2022, the Government filed an amended exhibit list [Document 23] including twelve of the recently disclosed recorded calls and three transcripts, including the call from June 28, 2022, and a transcript of that call.  The existence of this recorded call, as well as the others, could have been readily ascertained, and therefore disclosed, by the date required by this Court's scheduling order:  September 29, 2022.  Instead, it was disclosed well after that date.  The untimely disclosed calls, including the call from June 28, 2022, and the transcripts should be excluded because the Government failed to provide them in time for them to be meaningfully processed, investigated, and rebutted by the defense team and in violation of this Court's Scheduling Order.

**MEMORANDUM OF LAW**

The Government disclosed this evidence well after the discovery deadline set by this Court. Because the Government submitted this evidence in violation of Rule 16, after discovery deadlines had passed, and seven business days before trial, this Court is well within its discretion to "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C). Similarly, under Local Rule of Criminal Procedure 16.10, the Court may "prohibit the party from introducing evidence not disclosed or enter any other order as it deems just under the circumstances, up to and including dismissal of the indictment with prejudice." L. R. Crim. P. 16.10. Trials "are not to be conducted by way of ambush but rather following the rules of discovery." *Henley v. FMC Corp.*, 20 F. App'x 108, 112–13 (4th Cir. 2001) (unpublished); *see also United States v. Laurent*, 607 F.3d 895, 900–03 (1st Cir. 2010) (no abuse of discretion to deny mistrial and impose lesser sanction of dismissing count relating to transaction when government violated Rule 16 by failing to disclose that videotape of first crack transaction had been erased); *United States v. Davis,* 2019 WL 5865935, *9-11 (W.D. Va. 2019) (as sanction for extensive discovery violations, court dismisses one count of indictment and dismisses state prosecutor serving as Special AUSA from the case).

**ARGUMENT**

Here, the recorded calls, including the call from June 28, 2022, should be excluded because the Government failed to disclose materials in a timely manner. Undersigned counsel fully understands that some new information may come to light after the due date for discovery and prior to trial based upon follow up interviews and other leads. This is a natural part of criminal litigation and the Government must follow up on newly discovered evidence and disclose it based on its discovery duty under Rule 16. Sometimes defense teams can adequately respond to those

3

disclosures, despite that they are untimely.  Most of the time undersigned counsel does not object to discovery provided after the established deadline because the unusual challenges of criminal litigation are well understood and most of the time there is no prejudice.

The recorded call between Mr. Nunez and his brother is an entirely different matter.  The call has been available to the Government since June 28, 2022.  The call has been in the Government's constructive possession since that time.  It is not uncommon for the Government to gather and review recorded calls in federal criminal cases.  In this case, the Government possessed these calls for over four months and failed to disclose them on the date established by this Court.  This delay seems unnecessary.

There is true prejudice.  The defense team analyzed and investigated this case and made decisions regarding plea offers based on discovery disclosed by the United States in accordance with the Court's Scheduling Order and the Local Rules of Criminal Procedure.  Now, seven business days before trial, the Defendant is presented with exhibits which are material to the Government's case and which the Government intends to introduce during its case-in-chief.  The call from June 28, 2022, has never been mentioned in discovery previously.

The recorded call from June 28, 2022, is incriminating.  In our estimation, there was no direct evidence of the Defendant's knowledge or intent to introduce contraband into FCI Gilmer on April 12, 2022, until this call was disclosed.  The disclosure of this call undercut the defense theory.  The defense team needs to regroup, investigate this conversation, confer with the Defendant, and develop a new plan, including but not limited to the possibility of locating and interviewing the Defendant's brother.  We have no idea where this man lives.  What's more, we cannot meet and confer with our client about this major development until the time of the pretrial

...
...

conference because Mr. Nunez is in the SHU at FCI Gilmer and visits are by appointment only. At this point, the demands imposed upon the defense team are patently unfair, particularly given that there have been over four months since the key recorded call was capable of being ascertained and then disclosed by the Government.

Normally, a continuance is the appropriate remedy for late discovery, but not here. Mr. Nunez is scheduled to be released from his underlying federal prison sentence on November 5, 2022. He has served over a decade in custody. Recently, Mr. Nunez has endured hard time in the Special Housing Unit. He should not be forced to waive his right to a speedy trial and remain incarcerated for a longer period pending trial based upon a late disclosure that was entirely beyond his control and that appears to lack an acceptable explanation, given that the calls have been in the Government's possession for over four months.

## CONCLUSION

Based on the foregoing, Mr. Nunez requests that the Court exclude from trial the government's recently disclosed discovery.

Respectfully submitted,

**LUIS NUNEZ**

By Counsel

By: */s/ L. Richard Walker*
L. Richard Walker
WV State Bar No. 9580
Federal Public Defender Office
230 West Pike Street; Suite 360
Clarksburg, West Virginia 26301
Tel: (304) 622-3823
Fax: (304) 622-4631
E-Mail: richard_walker@fd.org

## CERTIFICATION OF SERVICE

I hereby certify that on November 3, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of West Virginia, which will send notification of such filing to the following CM/ECF user:

**Christopher Bauer, AUSA**
**United States Attorney**
**320 W. Pike Street, Suite 26302**
**Clarksburg, WV 26302**
**304-623-7030**


By:     <u>s/ L. Richard Walker</u>
        L. Richard Walker
        WV State Bar No. 9580
        Attorney for Defendant
        Federal Public Defender Office
        230 West Pike Street; Suite 360
        Clarksburg, West Virginia 26301
        Tel: (304) 622-3823
        Fax: (304) 622-4631
        E-Mail: richard_walker@fd.org