**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                  **CASE NO. 1:22CR60**

**LUIS NUNEZ,**

      **Defendant.**

**<u>LUIS NUNEZ'S MOTION *IN LIMINE* TO EXCLUDE
THE GOVERNMENT'S ANTICIPATED 404(b) EVIDENCE</u>**

## I.      Introduction

The Defendant, Luis Nunez, is charged in a one-count indictment which alleges that on or about April 12, 2022, within the Northern District of West Virginia, while an inmate of the Federal Bureau of Prisons at the Federal Correctional Institution Gilmer, attempted to obtain a prohibited object, that is, Suboxone, a schedule III narcotic controlled substance. The government intends to introduce evidence that Mr. Nunez was found in unlawful possession of Suboxone - some 83 days later - while serving a sentence as an inmate at FCI Gilmer. The evidence that the government seeks to introduce at trial is improper character evidence: it serves no proper evidentiary purpose and bears no relevance to any element of the conduct charged in the indictment in this matter. Further, its probative value is substantially outweighed by its prejudicial effect, and its prejudicial effect cannot be cured by limiting instructions.  It should be excluded.

## II.    Argument

The government intends to introduce evidence that Mr. Nunez was found in unlawful possession of Suboxone on or about July 4, 2022, while serving a sentence as an inmate at FCI Gilmer. Federal Rule of Evidence 404(b) provides, in pertinent part:

> Other Crimes, Wrongs, or Acts.- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Supreme Court set forth a four-part test to determine admissibility of "other acts" evidence under Rule 404(b) in *United States v. Huddleston,* 485 U.S. 681 (1988). The Court should consider whether 1) the evidence is offered for a proper purpose under Rule 404(b); 2) the evidence is relevant under Rule 402; 3) the probative value of the evidence substantially outweighs potential unfair prejudice under Rule 403; and 4) prejudice can be cured by the trial court, at a party's request, providing the jury with a limiting instruction. *Huddleston*, 485 U.S. at 691-92; *United States v. Scarfo*, 850 F.2d 1015, 1019 (applying *Huddleston* in the Third Circuit). In effect, the proposed evidence will show propensity, not the Defendant's intent, motive, opportunity, and knowledge, and it should be excluded for this reason.

### A. The Evidence that the Government Intends to Use at Trial is Improper Character Evidence and Therefore Inadmissible Under Rule 404(b)

In its Notice, the Government avers that the evidence it intends to introduce at trial is admissible under Rule 404(b) because it "evinces Nunez's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

lack of accident to obtain the Suboxone that was found inside of a magazine that was addressed to him at FCI Gilmer on or about April 12, 2022". [ECF No. 20] The only conceivable relevance that a subsequent instance of possession of Suboxone could have to the earlier and unrelated incidents giving rise to the instant charged offense is that it tends to suggest that Defendant is, in general, more likely to have attempted to obtain a prohibited object (Suboxone) because - 83 days later - he possessed a prohibited object (Suboxone). This is precisely the propensity inference that Rule 404(b) exists to prevent.

## B. There is No Temporal or Factual Connection Between the Conduct Charged in the Indictment and a Subsequent Unrelated Instance of Possession

To constitute a proper purpose, there must be some articulable inference for the jury to draw from the information relating to the uncharged bad act. *United States v. Hall*, 858 F.3d 254 (4th Cir., 2017). Yet, the government provides no elaboration on the connection between the charged offense occurring on or about April 12, 2022, and the subsequent uncharged offense of possession of Suboxone alleged to have occurred on or about July 4, 2022.  Instead, in its Notice, the government baldly states, without any elaboration, that Mr. Nunez's possession of Suboxone on or about July 4, 2022, is "substantially related" to his alleged attempt to obtain Suboxone on or April 12, 2022. The government's Notice provides no other information regarding the substance of this purported relation between the two factually and temporally distinct incidents.

The government further contends that the two "crimes were committed near in time to one another" despite the fact that the unlawful possession of Suboxone occurred nearly three months later, and in a different location within the prison from

the incident forming the basis of the charged conduct in this case. [ECF No. 20]. The only connection between these temporally unrelated events is that they both involve Suboxone and they both allegedly involve Mr. Nunez, a fact that brings with it the clear danger that the *only inference* that jurors will be left to draw is that Mr. Nunez has a bad character and therefore most probably is guilty of the crime that he has been charged with.

## C. The Prejudicial Effect of the Proffered 404 (b) Evidence Substantially Outweighs its Probative Value

The probative value of prior act evidence is clearly diminished where the evidence is purportedly being introduced for the purpose of establishing an element that is not one the elements of the offense charged.  Mr. Nunez is charged with the Attempt to Obtain a Prohibited Object (Suboxone) in violation of 18 U.S.C. § 1791. Possession is *not* an element of the offense conduct charged in the indictment. The Government is not required to prove that Mr. Nunez possessed the Suboxone that is the subject of the indictment in order to sustain a conviction. The government argues that it needs to present evidence of the later instance of possession (on or about July 4, 2022) to demonstrate that Mr. Nunez intended to obtain Suboxone in April of 2022 "so he could possess it". [ECF No. 20]. Possession is not a necessary element of the offense charged under 18 U.S.C. § 1791.

The Government further contends, again without elaboration, that the July 4, 2022, incident demonstrates that Mr. Nunez "had knowledge of the attempted introduction" nearly three months earlier, in April 2022. [ECF No. 20] The possession of drugs and an attempt to obtain a prohibited object are distinct acts. The act of possessing drugs is of a wholly different order than the act of attempting

to obtain drugs from outside sources while an inmate at the prison. Far more people use drugs in prison than attempt to obtain them from outside sources during their incarceration. Fundamentally, one act involves the personal abuse of illegal drugs, whereas the other involves implementation of an effort to coordinate the introduction into a federal prison of illegal drugs from outside sources. The kind of drug alleged to have been possessed or unlawfully obtained does nothing to remove the distinction between the act of possessing a drug and the act of attempting to obtain it from inside of a prison.

The 404(b) evidence, if admitted, will not assist the jury in any way to decide whether the government has met its burden of proving the elements of the crime for which Mr. Nunez was indicted. If admitted, the 404(b) evidence will distract the jury from any direct or circumstantial evidence of guilt for the crime Mr. Nunez has actually been charged with, mislead the jury and most probably create in the minds of jurors an impression that he has a bad character and deserves to be convicted of something.

### III.   Conclusion

Based upon the foregoing, Mr. Nunez respectfully requests that this Court will grant this motion *in limine* and prohibit the government from directly or indirectly referencing at trial the 404 (b) evidence sought in its Notice.

Respectfully submitted,

**LUIS NUNEZ**

By Counsel

By:/s/ L. Richard Walker
L. Richard Walker
WV State Bar No. 9580
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26302
Tel. (304) 622-3823
Fax. (304) 622-4631
E-Mail: Richard_Walker@fd.org


By: /s/ Sean B. Shriver
Sean B. Shriver
WV State Bar No. 14029
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26302
Tel. (304) 622-3823
Fax. (304) 622-4631
E-Mail: Sean_Shriver@fd.org

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on November 9, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of West Virginia, which will send notification of such filing to the following CM/ECF user:

**Christopher Bauer, AUSA**
**United States Attorney**
**320 W. Pike Street, Suite 26302**
**Clarksburg, WV 26302**
**304-623-7030**

By:     <u>s/ L. Richard Walker</u>
        L. Richard Walker
        WV State Bar No. 9580
        Federal Public Defender Office
        230 West Pike Street, Suite 360
        Clarksburg, West Virginia 26302
        Tel. (304) 622-3823
        Fax. (304) 622-4631
        E-Mail: Richard_Walker@fd.org