**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.  **Criminal Action No. 1:22cr60**
     **(Chief Judge Kleeh)**

**LUIS R. NUNEZ,**

    **Defendant.**

**UNITED STATES' RESPONSE TO
MOTION TO EXCLUDE RULE 404(b) EVIDENCE**

Now comes the United States of America by William Ihlenfeld, United States Attorney for the Northern District of West Virginia, and by Christopher L. Bauer, Assistant United States Attorneys, who respond to the motion to exclude Rule 404(b) evidence filed by the defendant, Luis R. Nunez ("Nunez") (Dkt. No. 33). Because Nunez's motion ignores the relevant facts, and controlling law, the Court should deny it and admit the government's evidence with the requisite limiting instruction.

**I.  BACKGROUND**

On April 8, 2022, Nunez placed a recorded jail call to an unidentified male. During this call, Nunez told the male that he has the "dinero" (i.e., money), and the male told Nunez that he had found him one of those old car magazines that he likes. The male explained that he mailed the magazine yesterday, and it should be there in four or five days. Four days later, on April 12, 2022, mail room staff at FCI Gilmer were processing a suspicious car magazine that was post marked April 7, 2022, and addressed to Nunez, all consistent with the April 8, 2022 jail call. When searching the magazine for hidden contraband, a staff member found what he suspected to be Suboxone and transferred it to the custody of Special Investigative Services ("SIS").

Upon further inspection, SIS found 39 strips of suspected Suboxone in the car magazine, which was later confirmed by the Chief Pharmacist of FCI Gilmer. Because the magazine was addressed to Nunez, SIS placed him in the Special Housing Unit ("SHU") pending an investigation by SIS. Over the next two-plus months, SIS did not find the April 8, 2022 jail call and was, thus, unable to connect Nunez to the attempted introduction of Suboxone at that time. Accordingly, Nunez was released from the SHU on June 27, 2022, and returned to general population.

Then, just seven days later, on July 4, 2022, staff at FCI Gilmer selected Nunez for a random visual search while Nunez was walking back across the "yard" towards his assigned housing unit. During the subsequent search, staff found a homemade pocket on the inside of Nunez's shorts which contained approximately ten small pieces of suspected Suboxone, which were individually wrapped in small pieces of wax paper. These pieces were cut from larger strips, which is how inmates maximize their profits when distributing it to other inmates in the prison. Because Nunez possessed this contraband, staff once again placed him in the SHU.

The next day, SIS took possession of the suspected Suboxone, which the Chief Pharmacist later inspected and identified. And because the Suboxone that Nunez possessed was consistent with drug trafficking, SIS reopened its investigation of the April 12, 2022 attempted introduction, believing that Nunez was, in fact, the intended recipient of the 39 strips of Suboxone. During this renewed investigation, SIS found the recorded jail call that Nunez placed on April 8, 2022, which directly connected him to the attempted introduction on April 12, 2022. Indeed, during that jail call on April 8, 2022, Nunez told the male he had the "dinero," and the male immediately explained that he found and sent him an old car magazine the day before. And the magazine that was intercepted on April 12, 2022, was an old car magazine addressed to Nunez.

## II.     ARGUMENT

The Court should admit the evidence of Nunez's July 4, 2022 possession of Suboxone because it confirms that his attempt to obtain Suboxone on April 12, 2022, was no accident or mistake. Fed. R. Evid. 404(b)(2). Nunez's possession of Suboxone likewise evinces his motive to obtain it in the first place. Id. But Nunez's motive wasn't just to possess Suboxone; it was to sell it. And this intent to redistribute it in the prison is evinced by the small, individually wrapped pieces of Suboxone that Nunez possessed on July 4, 2022. Critically, motive and lack of mistake or accident are permissible reasons to introduce evidence of other bad acts under Rule 404(b)(2).

To avoid this conclusion, Nunez insists that this evidence is little more than a government effort to establish propensity. This claim is meritless. At the very least, Nunez's possession of and intent to sell Suboxone establishes his motive to obtain it in the first place, which is alone enough to admit this evidence under Rule 404(b)(2). See, e.g., United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (stating other bad acts are "admissible, for other purposes, such as proof of motive or intent"); see also United States v. Cabrera-Beltran, 660 F.3d 742, 755 (4th Cir. 2011) ("In drug cases, evidence of a defendant's prior, similar drug transactions is generally admissible under Rule 404(b) as evidence of the defendant's knowledge and intent."). But it also confirms that his attempt to obtain it was not an accident or mistake, which further support admitting this evidence under Rule 404(b)(2). Nunez wasn't just trying to obtain an old car magazine that accidentally or mistakenly concealed Suboxone. No, he was trying to obtain Suboxone through the mail so he could sell it to other inmates in the prison. Even if the Court considers the possession itself, you can't possess Suboxone unless you first obtain it, which makes these crimes inextricably related.

Next, Nunez complains that these incidents lack any temporal connection because they occurred 83 days apart from one another. But Nunez fails to mention that these incidents were

separated by two-plus months in the SHU, where he could not obtain or sell Suboxone. Acknowledging this necessary context, these incidents happened over a span of just twelve days that he was housed in general population. Indeed, Nunez placed the call about the car magazine on April 8, 2022, and the attempted introduction was intercepted four days later, on April 12, 2022. The same day he was placed in the SHU. Then, on July 4, 2022, just seven days after being released from the SHU, Nunez is found in possession of Suboxone, which was cut and wrapped for distribution. Even if the Court considers the entire gap in time, it is well within permissible time frames in other cases. See, e.g., United States v. Arroyo-Angulo, 580 F.2d 1137, 1149 (2d Cir. 1978) (rejecting claim that nine months between charged offense and other bad acts made them remote in time).

Finally, citing no supporting case law, Nunez contends that the probative value of this evidence is diminished because it is not connected to an element of the charged offense. But the plain text of Rule 404(b) does not require that other bad acts be connected to specific elements of the charged offense. And the plain text of Rule 404(b) controls. Nor will this evidence confuse the jury or distract them from the task at hand. In fact, the evidence in this case is quite simple: Nunez attempted to obtain Suboxone through the mail so he could sell it to other inmates, just as he was doing within days of his release from the SHU. Because he sells Suboxone, his attempt to obtain it was no accident or mistake. With the requisite limiting instruction, the jury will know it can't use Nunez's July 4, 2022 possession as evidence that he did, in fact, attempt to obtain Suboxone on April 12, 2022. Instead, it's only purpose is to provide a motive for Nunez's April 12, 2022 offense, and to show it was neither a mistake nor an accident.

Reading between the lines, Nunez wants to exclude this evidence because it's incriminating. Yet, critically, "[e]vidence is not prejudicial within the meaning of Rule 403 merely

4

because it is incriminating." United States v. Sparks, No. 93–5577, 1994 WL 177450, at *2 (4th Cir. 1994) (citing United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990)). And even if there was prejudice, it does not "substantially outweigh" the probative value of the Rule 404(b) evidence. Fed. R. Evid. 403.

### III.  CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Nunez's motion (Dkt. No. 33) and admit the government's Rule 404(b) evidence with the requisite limiting instruction.

Respectfully submitted,

William Ihlenfeld
United States Attorney

By:  /s/ Christopher L. Bauer
Christopher L. Bauer
Assistant United States Attorney
320 West Pike Street, Suite 300
Clarksburg, West Virginia 26301
(304) 623-7030
(304) 234-0110 (fax)

## CERTIFICATE OF SERVICE

  I, Christopher L. Bauer, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that I electronically filed the foregoing **UNITED STATES' RESPONSE TO MOTION TO EXCLUDE RULE 404(b) EVIDENCE** with the Clerk of the Court using the CM/ECF system and sent a copy of said filing by electronic means to counsel of record.

Dated: November 10, 2022

                  William Ihlenfeld
                  United States Attorney

            By: /s/ Christopher L. Bauer
                Christopher L. Bauer
                Assistant United States Attorney