# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                             Criminal Action No. 1:22cr60
                                                    (Chief Judge Kleeh)

LUIS R. NUNEZ,

    Defendant.

## UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTION

Now comes the United States of America by William Ihlenfeld, United States Attorney for the Northern District of West Virginia, and by Christopher L. Bauer, Assistant United States Attorney, who propose the following supplemental jury instruction in anticipation of trial in this matter on November 14, 2022.

                                                    Respectfully submitted,

                                                    William Ihlenfeld
                                                    United States Attorney

By:    /s/ Christopher L. Bauer
           Christopher L. Bauer
           Assistant United States Attorney
           320 West Pike Street, Suite 300
           Clarksburg, West Virginia 26301
           (304) 623-7030
           (304) 234-0110 (fax)

## SUPPLEMENTAL INSTRUCTION

(Consciousness of Guilt)

You may consider evidence that the defendant did, or attempted to, fabricate or suppress evidence, as showing consciousness of guilt. This evidence alone is not sufficient to establish guilt, and the significance to be attached is a matter for you, the jury, to determine.

You may also consider, as evidence of consciousness of guilt, a specific statement made by the defendant denying guilt or involvement, if you find that the statement was not true.

Conduct of a defendant, including statements knowingly made and acts knowingly done, upon being informed of the crime that has been committed or upon being confronted with criminal charges may be considered by the jury in light of all the evidence in the case in determining the guilt or innocence of the defendant. When a defendant voluntarily and intentionally offers an explanation and makes some statement tending to show his innocence and the explanation of the statement later is shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt.

Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or a statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.

A statement or an act is knowingly made or done if made voluntarily and intentionally and not because of mistake or accident or other innocent reason.

---

United States v. Young, 248 F.3d 260, 273 (4th Cir. 2001); United States v. Abney, 508 F.2d 1285, 1286 (4th Cir. 1975); United States v. Nusraty, 867 F.2d 759, 765 (2nd Cir. 1989); United States v. Billups, 692 F.2d 320, 329-30 (4th Cir. 1982); Jacob v. Johnson, 2011 U.S. Dist. LEXIS 33117, *22 n. 14 (E.D. Va. 2011); United States v. McDougald, 650 F.2d 532, 533 (4th Cir. 1981)

**CERTIFICATE OF SERVICE**

I, Christopher L. Bauer, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that I electronically filed the **UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTION** with the Clerk of the Court using the CM/ECF system, which will send notice to counsel of record.

Dated: November 14, 2022

William Ihlenfeld
United States Attorney

By:  /s/ Christopher L. Bauer
Christopher L. Bauer
Assistant United States Attorney
